Thank you. Good morning, and may it please the Court. I'm Joseph Wiseman, appointed counsel for the petitioner in this matter. First off, Your Honors, I certainly am mindful of the fact that I have a very difficult task ahead. I've got to navigate the shoals of ADEPPA, and I recognize that in the most recent statement of that statute by the Supreme Court in the Richter case. Nevertheless, with respect to the two issues that the Court granted the certificate of appealability, I think that an argument could be made, and perhaps a successful one, that in fact the petitioner has a claim for relief. I turn to the first argument, which, as the Court knows, is the insufficiency of the evidence argument. My view of the record below, and in particular the findings of recommendation by the magistrate judge, it appeared to me that the magistrate judge focused on a series of facts to support the conclusion that there was sufficient evidence for Mr. Nguyen, who was 17 at the time, a high school student when the events occurred and was convicted of the crime. But nevertheless, the magistrate judge looked at certain facts to conclude that there was sufficient evidence to sustain the conviction for Mr. Nguyen for the aiding and abetting of the murder. What Petitioner argues is as follows, that the facts that the magistrate judge relied upon really are speculative. If one looks at those facts, it's really clear to see, at least in my view, the magistrate judge was focusing on the acts of the co-defendants, C and Kitt in particular, the shooter and the person who provided the gun, and sort of bootstrap the analysis, well, based upon what these two co-defendants did, Mr. Nguyen certainly should have known that a murder was likely to take place. Counsel, with respect, I know you're an able advocate, so I just want to try to be sure we're on the same page here. I think you correctly stated the real burden here. Under AEDPA, and particularly as construed by Richter, you've got to show that the State court decision was objectively unreasonable, not merely incorrect. And in this particular case, you've got to show that the appellate panel applying normal standards of appellate review could not reasonably conclude that the finding is supportive of the record. And when you apply Johnson v. Virginia, you've got to indicate, you've got to show that on record evidence deduced at trial, no rational prior effect could have found proof beyond a reasonable doubt. That's almost an impossible burden to meet, isn't it? I agree with you. It is a daunting, at best, burden to meet, and it's, in most of these cases that come before the Court, and certainly the cases that I see, it's a burden. And under the circumstances, you've got a situation, for example, where Mr. Nguyen elicited the help of three other people to engage in, quote, another round of combat with Andy, and all that was implied with that. Isn't that enough? Couldn't a rational prior effect, a tide, came in on an aid or a better concept with that? Your Honor, my view is that, is that if one were to look at sort of the coalescing of all the facts, and in spite of the standard that we've just discussed, I think that my point is this, that the simple fact, the clear fact that appeared to be available to the jury and the reviewing court was that Mr. Nguyen had a problem with Andy. There was a fight the day before. We know that. We also know that Mr. Nguyen, the next day, came into contact with the other defendants. But I believe the evidence is insufficient to establish that one Mr. Nguyen that Mr. Nguyen knew that there was a weapon that C was eventually going to use. Number two, that there was no evidence before the Court, in my view, that Kit, who had the weapon in his waistband, that Mr. Nguyen knew of that. And the question we have, I'm going back now to the California Court of Appeal, and your argument is pretty much based on a Prettyman situation under the State law and this target offense. And there, of course, they found that it was harmless error in Prettyman. Here, the State Court of Appeal goes through, it takes the principles, and it says, we apply these, and then they list, I believe, six or seven things, including the knowledge of the gun and the arsenal and the other facts that underlay, in their view, the knowledge about use of the gun. So the question I have is how, under what principle would we upend that court of appeal decision, which is really quite a bit more detailed than many that we see? Understood. My response to that, Your Honor, is that the magistrate judge, in looking at those specific facts, indicated that it was speculation to conclude that Mr. Nguyen knew of those other facts that the court of appeals addressed. As a matter of fact, the magistrate judge, in my view, focused on really one thing, which was the speed of the shooting. Yes. And that was mentioned by the court of appeals. And that was mentioned by the court of appeals. But the magistrate judge, in my view, discounted those other factors. So under the standard this Court is required to review this case, I think it's Well, it's de novo. It's de novo. The magistrate judge. So we're really back to the State court of appeal. And the question is, is there an unreasonable finding, you know, contrary to the evidence or some other misapplication of the Federal law? Again, my view is the way in which the court of appeals, if you will, burdened Mr. Nguyen with knowledge, which I don't believe was proved at trial, that those numbers of facts that the court of appeals assumed that Mr. Nguyen knew or should have known violated the Federal standard under Jackson v. Virginia in terms of the sufficiency of the evidence to support the conviction. And certainly the de novo review that Your Honors are to address here relate to the magistrate's finding. But I think the magistrate's conclusion, although it did go against Mr. Nguyen, with respect to looking at those specific facts is cogent and I think salient here that there was speculation that Mr. Nguyen knew all of the things that the State court of appeals deemed him to know and therefore supporting the conviction. But with respect to the standard, I think we're all in agreement with the standard. If I may just briefly move to the second argument, Your Honor, which is the failure of the trial court to issue the sua sponta instruction on the target offense. Because in my view there was potential confusion among the jurors as to what the target offense was, I believe that the court, in looking at this Federal standard, should have been required, or at least sua sponta issued an instruction that clarified the issues for the jury. And without that, I think the jury could have convicted Mr. Nguyen of a crime that they were uncertain that he may have committed. So I think that standard is likely, is also met with respect to the failure of the trial court to issue that instruction. And unless, Your Honors, there's any other questions, I think we're with you. I think not. Thank you. Thank you. Good morning, Your Honors. It may please the Court. I'm Deputy Attorney General Mark Johnson from the California Department of Justice, appearing on behalf of the warden. As the Court's already identified, this is an ADPA case and is viewed under the standard most recently articulated in Richter v. Harrington. The State, which looks to the reasonable, that is, of course, the State appellate court decision here, which, as Judge McKeon pointed out, was very thorough and, indeed, quite reasonable. I don't have much of anything to add to that at this point. What would you say is the sufficiency of the evidence as to his knowledge that there was a gun? What would I say? Yeah. I would reiterate what the reasonableness of the State appellate court's opinion I read that. I didn't see how they dealt with it. Well, there's I wouldn't be asking you if I didn't, if I understood the State appellate court. Well, there's a number of factors, Your Honor. First of all, this entire confrontation was very reasonably, in fact, I'd say clearly prompted by the fight the day before between the victims here. Two kids, two 17-year-olds get into a fight. Does that mean that one of them is coming back with a friend with a weapon? No, Your Honor, but that's simply one factor to be considered in light of all the factors here. A, we have this fight. B, it seems by all instances to be prompted by gang violence, several members. Was the defendant a member of a gang? It's inferrable that he was. There was no direct evidence. Was there evidence that he was a gang member? No, but it was inferrable based on all the facts that he was at least associated with the members of this mafia agent gang. Because they were people he knew. And then, of course, we have all four of them going back to the house that night looking for the victim. When he wasn't there, they returned to the house the next morning. Well, they obviously wanted to get him, but did they want to kill him? That's the question. It's obviously inferrable that they did. Within seconds of bursting into the house, one defendant produced a gun, handed it at the request of another, who immediately opened fire and sprayed the living room with gunfire. And based on all these facts in combination, it was reasonable for the State Court to conclude that, between all four of them, immediately beforehand at a time when they knew. But you don't know what they said. That's correct. But the question is whether the question, and the only question that matters under ADPA, is whether the State Court's finding was reasonable. How is it reasonable to guess at what the people agreed to a murder? It's taking all the facts in combination. It's reasonable to conclude that they were all on the same page. All you've got is the sudden murder, and that's something to think about. But to say all the others, there aren't any others. Respectfully, Your Honor, I disagree with that. There's a number of other factors to be considered here. What's that? There's a number of other factors to be considered here, not just the sudden murder. All the events preceding and following the murder here all add up to the fact that it was at least reasonable for the jury to infer that this crime was part of the defendant was aware that this murder, or at least an armed home invasion, was going to occur, and it was, in fact, being prompted because of his disagreement with the victim of this case the day before. Beyond that, I don't know what else to say. No, you don't have much to say. Is there anything else? I think not. Thank you. Thank you. Give some rebuttal time if you'd like. Just briefly, Your Honors, I would just like to emphasize what Judge Noonan addressed to counsel for the State. As I was trying to articulate in my opening remarks, there is a plethora of speculation as to what happened. I think there's only one particular thing that we know. We know that Mr. Winn wanted to sort of butt heads, if you will, with Mr. Tramba. But there's no – there is nothing to go from that stated fact to the conclusion that he intended for Mr. Tramba to be murdered by a co-defendant. So on that, I would submit it. Thank you. This is our last case for argument today. Nguyen v. Knowles is submitted. Thank you both for coming. And that concludes the argued cases for today were adjourned. Thank you. Thank you. That's pretty neat.
judges: Noonan, McKeown, Smith